# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| VINCENT SCOTT, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>ANTERO RESOURCES CORP. | CASE NO: 1:17-cv-00693<br>COLLECTIVE ACTION (29 U.S.C. § 216(b)) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Vincent Scott brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant Antero Resources Corporation ("Antero").

2. Scott and the other workers like him were regularly worked for Antero in excess of 40 hours each week.

3. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead of paying overtime as required by the FLSA, Antero paid these workers a daily rate with no overtime pay and improperly classified them as independent contractors. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Antero is headquartered in this District and Division.

## THE PARTIES

7. Scott worked exclusively for Antero as a Drilling Consultant from approximately May 2013 until January 2015. Throughout his employment with Antero, he was paid a day-rate with no overtime compensation and was classified as an independent contractor. His consent to be a party plaintiff is attached as Exhibit A.

8. Scott brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Antero's day-rate system. Antero paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated employees ("Putative Class Members") consists of:

> **Current and former Drilling Consultants employed by, or working on behalf of, Antero Resources Corp. during the past three years who were classified as independent contractors and paid a day-rate.**

9. Antero is a Colorado corporation doing business throughout the United States. Antero may be served by serving its registered agent for service of process: **The Corporation Company, 7700 E Arapahoe Rd., Suite 220, Centennial, CO 80112-1268**.

## COVERAGE UNDER THE FLSA

10. For at least the past three years, Antero has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. For at least the past three years, Antero has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. For at least the past three years, Antero has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. For at least the past three years, Scott and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

14. Antero treated Scott (and indeed all its Drilling Consultants that it classified as independent contractors) as employees and uniformly dictated the pay practices to which Scott and its other employees (including its so-called "independent contractors") were subjected.

15. Antero's misclassification of Scott as an independent contractor does not alter its status as an employer for purposes of this FLSA collective action.

### FACTS

16. Antero is an oil and natural gas exploration and production company operating worldwide and throughout the United States, including West Virginia. To complete their business objectives, Antero hires personnel to perform the necessary work.

17. Many of these individuals worked for Antero as Drilling Consultants on a day-rate basis and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work. Specifically, Antero classified all its Drilling Consultants as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

18. For example, Scott worked exclusively for Antero from approximately May 2013 until January 2015 as a Drilling Consultant. Throughout his employment with Antero, he was classified as an independent contractor and paid on a day-rate basis.

19. As a Drilling Consultant, Scott's primary job duties (and the job duties of all other Drilling Consultants employed by Antero who were classified as independent contractors and paid a day-rate) included monitoring drilling fluids activities at jobsites, operating oilfield equipment, coordinating transfer of fluids between rigs, controlling drilling fluids within defined specifications, and building and maintaining various fluid systems associated with the drilling and completion of wells, as needed. Scott worked well in excess of 40 hours each week while employed by Antero.

20. The work Scott performed was an essential party of Antero's core business.

21. During Scott's employment with Antero while he was classified as an independent contractor, Antero exercised control over all aspects of his job. Antero did not require any substantial investment by Scott for him to perform the work required of him.

22. Scott was not required to possess any unique or specialized skillset (other than that maintained by all other Drilling Consultants) to perform his job duties.

23. Scott was directly interviewed and hired by Antero.

24. Antero instructed Scott to set up his own corporation.

25. Antero paid Scott directly through the corporation he was instructed to set up.

26. Antero determined Scott's opportunity for profit and loss.

27. Indeed, Antero controlled all the significant or meaningful aspects of the job duties performed by Scott.

28. Antero ordered the hours and locations Scott worked, tools used, and rates of pay received.

29. Antero controlled all aspects of Scott's job activities by enforcing mandatory compliance with Antero's policies and procedures.

30. No real investment was required of Scott to perform his job. More often than not, Scott utilized equipment provided by Antero to perform his job duties.

31. Scott did not provide the equipment he worked with on a daily basis.

32. Antero made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Scott worked.

33. Scott did not incur operating expenses like rent, payroll and marketing.

34. Scott was economically dependent on Antero during his employment.

35. Antero set Scott's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Antero.

36. Antero directly determined Scott's opportunity for profit and loss. Scott's earning opportunity was based on the number of days Antero scheduled him to work.

37. Very little skill, training, or initiative was required of Scott to perform his job duties.

38. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Antero.

39. Virtually every job function was pre-determined by Antero, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

40. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

41. The Putative Class Members did not have any supervisory or management duties.

42. For the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

43. Scott performed routine manual and technical labor duties that were largely dictated by Antero.

44. Scott worked exclusively for Antero from approximately May 2013 until January 2015 as an independent contractor.

45. Scott was not employed by Antero on a project-by-project basis.

46. In fact, while Scott was classified as an independent contractor, he was regularly on call for Antero and was expected to drop everything and work whenever needed.

47. All Antero's Drilling Consultants perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

48. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12-hour shifts for weeks at a time. Instead of paying them overtime, Antero paid the Putative Class Members a day-rate. Antero denied the Putative Class Members overtime for any hours worked in excess of 40 hours in a single workweek.

49. Antero's policy of failing to pay its independent contractors, including Scott, overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

50. It is undisputed that the contractors are maintaining and working with oilfield machinery, performing manual labor, and working long hours out in the field.

51. Because Scott (and Antero's other independent contractors) was misclassified as an independent contractor by Antero, he should receive overtime for all hours that he worked in excess of 40 hours in each workweek.

52. Antero's day-rate system violates the FLSA because Scott and the other Drilling Consultants did not receive any pay for hours worked over 40 hours each week.

## FLSA Violations

53. As set forth herein, Antero has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

54. Antero knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Antero's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

55. Accordingly, Scott and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

## Collective Action Allegations

56. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Scott and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

57. From his observations and discussions with these employees, Scott is aware that the illegal practices or policies of Antero have been imposed on the Putative Class Members.

58. The Putative Class Members all were classified as independent contractors, received a day-rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Antero's unlawful compensation practices and are similarly situated to Scott in terms of relevant job duties, pay provisions, and employment practices.

59. Antero's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Scott's experiences are typical of the experiences of the Putative Class Members.

60. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## JURY DEMAND

61. Scott demands a trial by jury.

## RELIEF SOUGHT

62. WHEREFORE, Scott prays for judgment against Antero as follows:

   (a) For an order allowing this action to proceed as a collective action and directing notice to the class;

   (b) For an order pursuant to section 16(b) of the FLSA finding Antero liable for unpaid back wages, and an equal amount of liquidated damages, due to Scott and the class members;

   (c) For an order awarding Scott and the class members the costs of this action;

   (d) For an order awarding Scott and the class members their attorneys' fees;

   (e) For an order awarding Scott and the class members unpaid benefits and compensation in connection with the FLSA and state law violations;

   (f) For an order awarding Scott and the class members pre- and post-judgment interest at the highest rates allowed by law; and

   (g) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: ***/s/ Matthew S. Parmet***
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
Matthew S. Parmet
Texas Bar No. 24069719
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com

**Attorneys for Plaintiff**