IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:17-cv-00693-WJM-SKC

VINCENT SCOTT, Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

ANTERO RESOURCES CORP.,

Defendant.

---

**ORDER PARTIALLY GRANTING PLAINTIFFS'
MOTION FOR PROTECTIVE ORDER [#108]**

---

This Order addresses Plaintiffs' Motion for Protective Order ("Motion") [#108], which the presiding judge referred to the magistrate judge [#109].[1] The Court has reviewed the Motion, Plaintiffs' supplement/amendment to the Motion [#110], and the Response [#115] and Reply [#121]. No hearing is necessary.

The Motion arises from orders issued by the Court during a discovery hearing held on June 21, 2019 ("Hearing"). In relevant part, during the Hearing the Parties disputed the discoverability of Plaintiffs' federal and state tax returns and certain corporate records in the possession of Plaintiffs' respective tax professionals ("CPAs"). [*See generally* #130,

---

[1] The Court uses "[# __.]" to refer to CM/ECF docket filings.

1

the Hearing Transcript.] Pertinent to the Motion, the Court ordered the following at the Hearing:

1. Counsel were ordered to further confer over production of Plaintiffs' federal tax returns. [#130 at p.52 ll.18-22.]

2. Plaintiffs were ordered to provide appropriate releases or authorizations to Defendant to allow Defendant to subpoena or otherwise obtain Plaintiffs' federal tax returns from the CPAs, and the releases were due to Defendant within 14 days of the Hearing.[2] [*Id.* at p.57 ll.2-11.]

3. The releases were to include authorization to obtain "corporate records" from the CPAs. [*Id.* at p.59 ll.4-12.] Counsel agreed at the Hearing that "corporate records" included: (by Ms. Hayes) "documentation on the corporate structure for which they are signing or completing these tax records, including W-2s and, for example, payroll issues, we think as detailed in our brief, we will just include that with the subpoena for the CPA, so I think it can be dealt with in that way." [*Id.* at p.58 ll.1-7; *see also id.* at l.8 ((by Mr. Josephson): "All right, and that's fine, Dina.").]

Defendant served subpoenas duces tecum on Plaintiffs' CPAs purportedly to obtain the federal tax returns and corporate records deemed discoverable by the Court

---

[2] Plaintiffs focus on the Court's earlier statement in the Hearing that allowed Plaintiffs to either contact their CPAs or provide releases. [#130 at p.52 ll.5-14.] But this ignores the Court's subsequent amendment to that order—*to wit*: "I'll amend my order to limit it to the federal tax returns only and not the state tax returns. I will require that the plaintiffs provide appropriate releases or authorizations to the defendants that would allow their (sic) defendants to subpoena or otherwise obtain those federal tax records directly from the CPAs." [*Id.* at p.57 ll.2-7 (emphasis added).]

at the Hearing. After what appear to be wholly inadequate conferrals over Defendant's draft subpoenas, Defendant served subpoenas that Plaintiffs contend exceed the scope of the Court's June 21 orders. Plaintiffs filed the Motion, and discovery was stayed as to the subpoenas by local rule. D.C.COLO.LCivR 30.2(a) ("Pending resolution of a motion or request for relief under Fed. R. Civ. P. 26(c) or 30(d), the discovery to which the motion or request is directed shall be stayed unless otherwise ordered.")

### A. LEGAL STANDARDS

Plaintiffs' request for a protective order quashing the subpoenas implicates Rules 45 and 26 of the Federal Rules of Civil Procedure. Rule 45 provides guidelines for the issuance of subpoenas to non-parties. *See* Fed. R. Civ. P. 45. Rule 45(d)(3)(A) requires the court to quash or modify a subpoena that requires disclosure of privileged or protected information or subjects a person to undue burden. Although Rule 45 does not specifically include relevance or overbreadth as bases to quash a subpoena, the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b). The scope of discovery in federal court under Rule 26(b) is broad; the Rule permits discovery of any nonprivileged matter that is relevant to any party's claim or defense, while the proportional needs of the case serve as guardrails for further reasonably tailoring the scope of discovery. Fed. R. Civ. P. 26(b)(1).

A party has no standing to attempt to quash a subpoena served on a third party except as to claims of privilege or upon a showing that a privacy interest is implicated. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo.1997) ("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also*

*Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Courts in the Tenth Circuit have held that a party has standing to challenge a subpoena served on a third party only based on privilege or a personal or proprietary interest. *Howard v. Segway, Inc.*, No. 11–CV–688–GFK–PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)). Objections unrelated to a claim of privilege or privacy are not proper bases upon which a party may quash a third-party subpoena. *Windsor*, 175 F.R.D. at 668; see also *Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of N.Y.*, 519 F. Supp. 668, 680 (D. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege). Thus, even where a party has standing to quash a subpoena based on privilege or a personal right, they lack standing to object based on undue burden. *Howard*, 2012 WL 2923230, at *2; *see also Malibu Media, LLC v. John Does* 1–15, No. 12–2077, 2012 WL 3089383, at *8 (E.D.Pa. July 30, 2012) (a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

Rule 26(c) allows the court, for good cause, to issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The Court has broad discretion to utilize a protective order to specifically define or narrow discovery, including the terms, timing, and method of discovery. *Id.*

### B.   ANALYSIS

Plaintiffs have standing to move to quash the subpoenas based on their privacy interests in their personal and business tax records. *Carbajal v. Warner*, 561 F. App'x

4

759, 764 (10th Cir. 2014) (acknowledging plaintiff's privacy interest in his tax records, social security number, and birth date); *cf.* Fed. R. Civ. P. 5.2(a) (requiring filings with social security numbers, taxpayer information, and birth dates to reveal only limited portions of such information).

The Court's June 21 orders were simple and straightforward. The Parties, however, appear to have taken liberties with those orders. Plaintiffs were ordered to provide releases to Defendant by July 5, 2019 to allow Defendant to subpoena Plaintiffs' federal tax returns and corporate documents. Plaintiffs did not provide those releases to Defendant by the ordered deadline, but instead shifted the obligation to Defendant to draft those releases and provide them to Plaintiffs. The Court questions this approach because it (1) is inconsistent with the Court's order, (2) tempted Plaintiffs' ability to timely comply with this Court's order, and (3) ceded Plaintiffs' control over the scope of those releases to Defendant. On the other side, Defendant took significant liberties in augmenting the scope of the Court's June 21 orders with the subpoenas it served. And both sides woefully failed the Court's order regarding conferral over these issues; Counsels' acrimony and finger-pointing make their conferral failures self-evident.

Regarding tax returns, the Court ordered only that Plaintiffs' <u>federal tax returns</u> were discoverable. The Court meant what it said—it never ordered that documents ancillary to the tax returns were discoverable, as Defendant suggests. Thus, Defendant is <u>not</u> entitled to production of:

- "Any and all documents relating to any and all federal tax filings or federal tax returns prepared, sent, or received by you . . . ." —Topic 1

- "Any and all documents provided to you by [the Plaintiffs] for the purposes of preparing federal tax filings. . . ." —Topic 2

- "Any and all communications between [the CPAs] and [the Plaintiffs] regarding the preparation of [the Plaintiffs'] federal tax filings . . . including emails and communication sent by U.S. Mail. Such communications shall include any documents regarding your [Plaintiffs'] tax filings in [their] individual capacity or for the corporate entity through which [they] received compensation from the Defendant."—Topic 5.

Concerning corporate documents, at the Hearing, counsel stipulated that these records included "documentation on the corporate structure for which they are signing or completing these tax records, including W-2s and, for example, payroll issues, we think as detailed in our brief. . . ." [#130 at p.58 ll.1-8 (by Mr. Josephson): "All right, and that's fine, Dina.".] Again, the Court's order in this regard did not include documents ancillary to the corporate records. Thus, Defendant is <u>not</u> entitled to production of:

- "Any and all documents provided [by the Plaintiffs] regarding the corporate structure of the entity/ies through which [the Plaintiffs] received compensation from the Defendant . . . ." —Topic 3

The Court acknowledges that the applicable time period associated with its June 21 orders is unclear, if not unspecified. The Court finds that only federal tax returns and corporate records for the respective time period that each Plaintiff worked for Defendant as a Drilling Consultant is relevant and proportional to the needs of this case.

6

### C.     ORDER

For good cause shown, IT IS ORDERED that the Motion is PARTIALLY GRANTED, as follows:[3]

1. Defendant may subpoena, and <u>Plaintiffs</u> shall prepare and provide releases for, federal tax returns for any Plaintiff and his or her applicable entity for the period in which each such Plaintiff worked for Defendant, and only for those federal tax returns Defendant has not already received from any Plaintiff;

2. Defendant may subpoena, and <u>Plaintiffs</u> shall prepare and provide releases for, the corporate documents stipulated to by Counsel during the Hearing for each Plaintiffs' applicable entity (if any) for the period in which each such Plaintiff worked for Defendant, and only for those corporate documents Defendant has not already received from any Plaintiff;

3. Plaintiffs shall provide these releases to Defendant **within seven days of the date of this Order**;

---

[3] To the extent the subpoenas allow the CPAs to mail or email the subpoenaed records, the subpoenas do not offend the 100-mile radius requirement of Rule 45. *See Ice Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1364984, at *3 (D. Kan. May 9, 2007) (declining to quash subpoena that exceed 100-mile radius because it did not require travel); *Tubar v. Clift*, No. C05-1154 JCC, 2007 WL 214260 (W.D. Wash. Jan. 25, 2007) (a subpoena served in New Jersey for the production of documents in Washington was enforced because no individual was required to escort the records personally); *Jett v. Penner*, No. S02-2036 GEB JFM P, 2007 WL 127790 (E.D. Cal. Jan. 12, 2007) (although the file subpoenaed was located more than 100 miles away there was no requirement that a nonparty travel more than 100 miles to provide it).

4.      Any subpoena topics not specifically addressed by this Order are QUASHED to the extent they are inconsistent with this Order, **including the entirety of the subpoena served on Jennifer Mae Summers**; and,

5.      Both Counsels have behaved inappropriately to the extent that an award of sanctions in favor of one side or the other would be manifestly unjust.

DATED: February 6, 2020.

BY THE COURT:

_____
S. Kato Crews
U.S. Magistrate Judge